IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20183
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOROTEO MORA-HERNANDEZ,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-94-0210
- - - - - - - - - -
December 21, 1995

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Doroteo Mora-Hernandez appeals his conviction of illegal reentry after deportation.  Mora-Hernandez contends solely that the district court impermissibly relied on his criminal past to sentence him to 71 months' imprisonment, the highest sentence in his guideline sentencing range, after considering his prior criminal convictions to calculate his criminal history score.

    Mora-Hernandez did not object to the district court's reasons for the imposition of a 71-month term of imprisonment.

_____

[*]    Local Rule 47.5.1 provides:  "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Mora-Hernandez may prevail only if the district court committed plain error. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), *cert. denied*, 115 S. Ct. 1266 (1995); FED. R. CRIM. P. 52(b). The district court did not commit plain error.

First, because Mora-Hernandez's sentencing range was less than 24 months, the district court need not have offered any reason for choosing any particular sentence in the sentencing range. *United States v. Matovsky*, 935 F.2d 719, 721 (5th Cir. 1991). Second, the reason offered by the district court was not an illegal consideration or a misapplication of the sentencing guidelines. *See United States v. Webb*, 950 F.2d 226, 231-32 (5th Cir. 1991), *cert. denied*, 504 U.S. 961 (1992).

AFFIRMED.